SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 08–3052 PA (MANx) | Date | August 1, 2008 |
| Title | Daniel Harrison v. Life Ins. Co. Of N. Am. | | |

Present: The Honorable **PERCY ANDERSON, UNITED STATES DISTRICT JUDGE**

| Karen Park | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:
None

Attorneys Present for Defendants:
None

**Proceedings:** IN CHAMBERS - ORDER TO SHOW CAUSE

Before the Court is Life Insurance Company of North America's ("Defendant") Notice of Removal. Also before the Court is Defendant's response to the Court's May 20, 2008 Order to Show Cause. Defendant asserts that jurisdiction exists based on diversity of citizenship.

Federal courts have jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). Federal courts "generally use one of two tests for locating a corporation's principal place of business. Under the 'nerve center test,' a corporation's principal place of business is where its executive and administrative functions are performed. Under the 'place of operations test,' . . . the principal place of business is the state which 'contains a substantial predominance of corporate operations.'" Id. (quoting Co-Efficient Energy Sys. v. CSL Indus., 812 F.2d 556, 558 (9th Cir. 1987). The Ninth Circuit "applies the place of operations test unless the plaintiff shows that its activities do not substantially predominate in any one state." Tosco Corp. v. Cmtys. for a Better Env't, 236 F.3d 495, 500 (9th Cir. 2001); see also Indus. Tectonics, 912 F.3d at 1094 ("The 'nerve center' test should be used only when no state contains a substantial predominance of the corporation's business activities.")

Under the "place of operations" test, courts look at a number of factors to determine if a given state contains a substantial predominance of corporate activity. These factors include: "the location of employees, tangible property, production activities, sources of income, and where sales take place." Tosco, 236 F.3d at 500; see also Indus. Tectonics, 912 F.2d at 1094 (same). In the Notice of Removal, Defendant asserted that it "is at the time of this filing, and remains, a resident of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania." (Not. of Removal ¶ 5(c).) The Court issued an Order to Show Cause on May 20, 2008 that required Defendant to address the Tosco/Indus. Tectonics factors. Defendant addressed most of these factors, but did not state where most of its income is earned and where most of its sales take place. Accordingly, no later than August 11, 2008, Defendant shall file a declaration, signed under penalty of perjury, identifying (1) in what state it earns most of its income,

**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 08–3052 PA (MANx) | Date | August 1, 2008 |
|---|---|---|---|
| Title | Daniel Harrison v. Life Ins. Co. Of N. Am. | | |

and what percentage of its total income is derived from that state, and (2) in what state it makes most of its sales, and what percentage of its total sales is derived from that state.

    Defendant also asserts that the amount in controversy exceeds $75,000. (Not. of Removal ¶ 5(d) (citing Compl. ¶ 29 & 32).) However, the page of the complaint to which Defendant cites in support of its assertion is not included in the copy of the complaint that Defendant attached to its Notice of Removal. (See Not. of Removal, Ex. A (missing page 12 of complaint).) Accordingly, no later than August 11, 2008, Defendant shall file a declaration, signed under penalty of perjury, appending a complete true and correct copy of the complaint.

    IT IS SO ORDERED.